UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 10-140-JBC

DEWEY CALDWELL, JR.,                                        PLAINTIFF,

V.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                  DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

       This matter is before the court upon cross-motions for summary judgment on Dewey Caldwell's appeal of the Commissioner's denial of his application for Disability Insurance Benefits. (R.10, 14) The court will grant the Commissioner's motion and deny Caldwell's motion because substantial evidence supports the administrative decision.

       At the time of the alleged disability onset date, Caldwell was a 52-year-old male. AR 111. He attended school until the 8th grade and was in special education classes for reading and spelling. AR 10 - 11. Prior to the alleged disability, he worked approximately 14 years as an underground coal miner. AR 191. He alleged disability beginning on November 12, 2007, due to lumbar strain, stenosis and arthritis of the back. AR 190. Caldwell filed his claim for DIB on March 3, 2008. AR 111. The claim was denied initially on May 7, 2008, and on reconsideration on June 19, 2008. AR 96; AR 102. After hearings on May 21, 2009, and June 25, 2009, Administrative Law Judge Frank Letchworth determined

that the plaintiff is not disabled under Sections 216(i) and 223(d) of the Social Security Act. AR 95. At Step 1, *see Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); 20 C.F.R. § 404.1520, the ALJ determined that Caldwell has not engaged in substantial gainful activity since November 12, 2007, the alleged onset date. AR 89. At Step 2, the ALJ determined him to have low back pain with mild stenosis at L3-4 and moderate stenosis at L4-5 and chronic obstructive pulmonary disease. *Id*. The ALJ then determined at Step 3 that Caldwell's impairments did not meet or equal a listing in the Listing of Impairments. AR 91. At Step 4, the ALJ found him unable to perform past relevant work. AR 93. Finally, at Step 5, the ALJ found that with Caldwell's residual functional capacity ("RFC"), jobs that he can perform exist in significant numbers in the national economy, and the ALJ therefore denied his claim for DIB on September 1, 2009. AR 94; AR 95. The Appeals Council denied Caldwell's request for review on April 23, 2010, AR 1 - 3, and he commenced this action.

Caldwell challenges the ALJ's ruling on the following grounds: (1) the ALJ erred in evaluating Caldwell's testimony regarding his pain, symptoms, and limitations as they existed before the alleged disability onset date; (2) the ALJ erred in substituting his own opinions for those of the physicians on record; and (3) the ALJ erred in framing his question to the vocational expert.

### A. Evaluation of Caldwell's Testimony

The ALJ properly considered Caldwell's testimony regarding his pain,

symptoms, and limitations in light of the ALJ's own observations of Caldwell and the medical evidence of record. Caldwell testified that he continues to experience low back pain that, while it stays localized mostly in his back, causes him to have to change positions between sitting and standing and makes him unable to lift or carry more than a gallon of milk. AR 91-92. He also testified that he experiences arthritis in his shoulders, arms, and wrists; and that he has breathing problems and uses 2 inhalers to help his breathing. AR 91. While a claimant's subjective complaints can support a claim of disability if there is also objective medical evidence of the underlying medical condition in the record, *see Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003), the ALJ was not required to give Caldwell's testimony any deference, and the ALJ properly considered Caldwell's credibility in determining that he was not disabled. *See id.* at 476.

Caldwell claims that the ALJ erred because he failed to provide a specific rationale for rejecting Caldwell's testimony as required by SSR 96-7p (Jul. 2, 1996), which provides that "[i]t is not sufficient for the adjudicator to make a single, conclusory statement that 'the individual's allegations have been considered' or that 'the allegations are (or are not) credible.'" The record demonstrates, however, that the ALJ provided multiple justifications for his credibility findings. The ALJ reasoned that Caldwell's treatment records and self-limiting behavior diminished his credibility regarding his back pain and other symptoms. AR 93. The ALJ further cited Caldwell's specific contradictions: his use of a cane but lack of a

3

limp; pushing/pulling only 6.6 pounds during testing, but later exhibiting 16 pounds of force by simply leaning against the testing wall; flatly refusing to engage in certain testing; and lifting 8.8 pounds of force at one station but showing an ability to lift 20 pounds at another station. AR 93 n. 2; AR 809-816. Caldwell's inconsistent physical responses to testing during his orthopedic examination by Dr. Primm indicated that Caldwell was magnifying his symptoms. AR 835. Furthermore, the ALJ notes that Caldwell's claims are generally inconsistent with the medical evidence of record. AR 92-93. The ALJ's conclusions regarding the weight and credibility of Caldwell's testimony are supported by substantial evidence, *see Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989), and are therefore not in error.

### B. Opinions of Physicians of Record

The ALJ properly considered the medical evidence of record in making his determination. Caldwell's motion asserts that the ALJ ignored the medical judgment of Dr. C.A. Moore in making his determination, but the record does not contain any medical opinions or records from a physician by that name. Caldwell also argues that the ALJ placed no reliance on the opinions of Drs. Templin, Hoskins, and Patel, and asserts that all three concluded that Caldwell "suffered from debilitating conditions that resulted in an inability to perform work-related activities." This argument is without merit. The ALJ relied on the opinions of Drs. Templin and Hoskins in determining Caldwell's RFC. Both doctors found no

4

evidence of neurological damage, and both provided specific assessments of Caldwell's functional capacity that indicated he was capable of performing light work. AR 92. Drs. Templin and Hoskins, who were engaged by Caldwell's attorney as part of Caldwell's worker's compensation claim, are not Caldwell's treating physicians and are therefore not entitled to deference over the other medical evidence in the record. *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004); *Farris v. Sec. of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985). The ALJ accordingly placed more weight on the opinions of Dr. Bean, Caldwell's treating neurologist, who found that he suffered primarily from lumbar strain and was capable of performing light work, AR 89-90, 496, and Dr. Dahan, Caldwell's treating physician, who released Caldwell to return to work in January 2008. AR 93, 499. The ALJ properly considered the opinions of Drs. Templin and Hoskins in the context of the whole of the medical evidence of record and did not substitute his judgment for theirs.

The ALJ properly did not place significant weight on the medical opinions of Dr. Patel, because those opinions are otherwise unsupported in the record and because they were sought solely at the advice of Caldwell's counsel. Dr. Patel diagnosed Caldwell with depression and performed a mental functional capacity assessment in which he opined that Caldwell had poor or no useful ability to perform most work-related mental activities. AR 90. The record, however, provides no other evidence of any type of mental impairment or that Caldwell's

depression interfered with his ability to perform work-related tasks.  The ALJ notes that the only testimony Caldwell gave regarding decreased mental functioning was that he had poor reading ability, which is unrelated to depression.  AR 91.  Caldwell has not at any time sought treatment for depression or other mental impairments.  AR 90.  The ALJ also did not abuse his discretion by discounting Dr. Patel's opinion on the grounds that it was sought in order to bolster Caldwell's application for worker's compensation benefits.  AR 91; *see Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 571-572 (6th Cir.1989).  The ALJ's conclusion that any depression which Caldwell suffers only minimally affects his ability to function is supported by sufficient evidence.

### C. Question to Vocational Expert

Caldwell also asserts that the ALJ erred in framing his hypothetical question to the Vocational Expert because he did not include information regarding Caldwell's diagnosis of depression, but the ALJ's question to the VE accurately portrayed Caldwell's mental condition based on the medical evidence of record.  The ALJ did not include Caldwell's claim of depression in his hypothetical because there was no evidence that depression affected his ability to perform work-related activities.  AR 90-91.  The mere diagnosis of an impairment does not by itself say anything about work-related limitations.  *See Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988); *see also McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  The ALJ did, however, include in his hypothetical Caldwell's mental

condition as it related to work activities, providing that appropriate positions would require "no more than simple instructions," "an object-focused work setting," and "no job in which reading is an essential job element." AR 93, 29. Because the ALJ accurately portrayed Caldwell's mental impairments to the VE, the VE's response that a significant number of jobs exist in the national economy that Caldwell can perform is substantial evidence in support of the ALJ's decision that Caldwell is not disabled. *See Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990).

The ALJ having properly applied the relevant legal standards and his decision being supported by substantial evidence,

**IT IS ORDERED** that Caldwell's motion for summary judgment (R. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (R. 14) is **GRANTED**.

The court will enter a separate judgment.

Signed on August 31, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY